UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6347-CR-ZLOCH

UNITED STATES OF AMERICA,

VS.

JOANN HOPE,

Defendant.
_____/

## DETENTION ORDER

THIS MATTER came before the Court upon the Government's motion to detain the defendant, **Joann Hope**, prior to trial and until the conclusion thereof. Having received evidence and heard argument of counsel, the Court hereby GRANTS the motion and enters its written findings of fact and statement of reasons for the detention in accordance with the provisions of 18 U.S.C. § 3142(i).

A.  INTRODUCTION

On December 21, 2000, the Court held a hearing to determine whether any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of any person and the community. 18 U.S.C. § 3142(f). Based upon the Indictment of the Grand Jury, see United States v. Hurtado, 779 F.2d 1467, 1479 (11th Cir. 1985), the Court finds probable cause that the defendant, **Joann Hope**, committed an offense for which a maximum term of imprisonment of ten (10)



years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 et seq. This finding gives rise to a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e). Assuming, arguendo, that the defendant has come forward with sufficient evidence to rebut the statutory presumption, the presumption "remains in the case as an evidentiary finding militating against release, to be weigh[ed] along with other evidence." United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990); United States v. King, 849 F.2d 485, 488 (11th Cir. 1988). Throughout this proceeding, the burden of persuasion is upon the Government to establish by the "preponderance of the evidence" that the defendant poses a risk of flight and/or by "clear and convincing evidence" that she poses a danger to the community. Id. at 489; 18 U.S.C. § 3142(f). In determining whether the Government has met its burden by the requisite standard of proof, this Court must take into account the factors enumerated in 18 U.S.C. § 3142(g).

B.    FINDINGS OF FACT

1.    The defendant is charged with possession with intent to distribute cocaine base ("crack cocaine"), in violation of 21 U.S.C. § 841. Therefore, the defendant is charged with a crime involving a narcotic drug. 18 U.S.C. § 3142(g)(1).

2.    The Court received credible evidence that the defendant committed the offense with which she has been charged. According to the Government, the defendant conducted several hand-to-hand sales of crack cocaine to an undercover law enforcement officer; the sales totaled seven (7) grams. With one exception (November 17), all of the

transactions were video taped.

On November 4, 2000, the defendant signaled an undercover officer to stop his vehicle. As she approached his car, the undercover officer stated that he wanted a "20" ($20 worth of crack cocaine). The defendant directed him to a nearby area where she sold him two crack cocaine rocks weighing .3 grams in exchange for $40. The undercover officer then provided the defendant his telephone number for further transactions.

Later that day, the defendant called the undercover officer. The officer stated that he wished to purchase $100 worth of crack cocaine. The two met later that day, and the defendant provided the officer with 5 crack cocaine rocks weighing 1 gram; in exchange, she received $100 from the officer.

On November 10, 2000, the undercover officer called the defendant. Pursuant to their discussions, the defendant sold to the undercover officer 3 crack cocaine rocks weighing 1 gram; in exchange, she received $100.

On November 14, 2000, the undercover officer again contacted the defendant. Pursuant to their discussions, the defendant sold to the undercover officer 3 ½ grams of crack cocaine for $140.

On November 17, 2000, the undercover officer called the defendant. Pursuant to their discussions, the two met, and the defendant sold to the undercover officer less than 3 grams of crack cocaine; in exchange, she received $300. The undercover officer commented that the quantity of crack cocaine appeared to be insufficient; the defendant responded that she would make up for the deficiency at a later time.

On November 27, 2000, the undercover officer contacted the defendant. In a

recorded conversation, they discussed the undercover officer's desire to collect on the deficiency from the previous crack cocaine transaction and to purchase a .9mm firearm. The defendant informed the officer that she could acquire a .9mm firearm but that it would cost him $300.

On November 28, 2000, the defendant called the undercover officer, and the two arranged to meet. At the subsequent meeting, the defendant informed the officer that she was attempting to acquire a firearm. The officer inquired about her satisfying the deficiency from the previous crack cocaine transaction. In response, the defendant pulled out a bag with 3 crack cocaine rocks and offered to sell it to him for $300. The officer declined and stated that he wished to utilize his money to purchase a firearm. The defendant then departed to speak to another individual. Upon returning, she asked the undercover officer to give her the $300 for the firearm, and she offered her 3 crack cocaine rocks as collateral for him to hold until she returned with the firearm. The two also discussed the purchase of a .38 revolver. 18 U.S.C. § 3142(g)(2).

3.      The pertinent history and characteristics of the defendant are significant to this Court's assessment of her candidacy for bond. The defendant is a United States citizen and lifelong resident of the community. She has never been issued a passport and has never travelled outside the United States. Most recently, she has been residing at an apartment in Dania Beach, Florida. Previously, she resided at an apartment in Hollywood, Florida with her step-father and sister.

The defendant reports that the only stable employment she held was during the summer; she worked at a grocery store as a packer. She has also performed some

4

landscaping work. The defendant reports no significant assets or liabilities.

According to the Pretrial Services Report, the defendant has been using marijuana and powder cocaine for the past five years.

The Pretrial Services Report reflects that the defendant has an extensive criminal history, which includes the following arrests: possession of cocaine (1990); violation of probation (1990); possession of cocaine/trafficking in hallucinogen (1990); flight-escape/resisting arrest without violence/probation violation (1990); delivery of cocaine/possession of cocaine (1992); destroying evidence/possession of cocaine/possession of marijuana (1992); destroying evidence/possession of cocaine/delivery of cocaine (1992); possession of cocaine with intent to deliver (1994); obstruction by false information (1997); and resisting-false information/gambling (1998). In addition, the Report reflects that the defendant has been convicted of the following offenses: possession of cocaine (1990); trafficking in hallucinogen (1990); violation of probation (1990); delivery of cocaine/possession of cocaine (1992); destroying evidence/possession of cocaine (1992); destroying evidence/possession of cocaine/delivery of cocaine (1992); revocation of probation (1996); and resisting-false information/gambling (adjudication withheld)(1998). The undersigned, however, notes that the criminal history record set forth in the Pretrial Services Report lacks a measure of clarity and precision.   18 U.S.C. § 3142(g)(3)(A) and (B).

4.   The Court received evidence concerning the nature and seriousness of the danger to the community that would be posed by the release of this defendant. According to the Pretrial Services Report, the defendant has an extensive criminal history that

includes numerous arrests and convictions for narcotics offenses. Moreover, with respect to the instant Indictment, the defendant personally sold to an undercover officer varying quantities of crack cocaine on at least five separate occasions. Further, she engaged in negotiations for the sale to the officer of two firearms. 18 U.S.C. § 3142(g)(4).

5. The Court specifically finds by the preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance at trial. 18 U.S.C. § 3142(e).

6. The Court specifically finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(e).

C. STATEMENT OF REASONS FOR DETENTION

1. Based upon the above findings of fact, this Court concludes that the release of this defendant on bond prior to trial would present an unreasonable risk of flight. Although the defendant is a lifelong resident of the community, she has no stable employment and no assets of significant value. Further, according to the Government, upon conviction she could be sentenced as a career offender, placing her in a sentencing range of 262 to 327 months. Accordingly, the undersigned does not believe that she would be likely to appear if released on bond prior to trial.

2. Based upon the above findings of fact, this Court concludes that the release of this defendant on bond prior to trial would present an unreasonable danger to persons and to the community. The defendant has an extensive criminal history involving narcotics possession and distribution. With respect to the instant offense, she personally sold to an

undercover officer quantities of crack cocaine on at least five separate occasions, and she negotiated to sell that same officer two firearms. Accordingly, the defendant appears neither to have been deterred nor rehabilitated by virtue of her previous encounters with the criminal justice system.

D. DISPOSITION

Being fully advised, the Court hereby ORDERS that the defendant, **Joann Hope**, be detained prior to trial and until the conclusion thereof.

The Court further DIRECTS

1. That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That the defendant be afforded reasonable opportunity for private consultation with counsel; and

3. That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida this 22nd day of December 2000.

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

7

Copies to:

Honorable William J. Zloch
United States District Judge

Timothy Day, Esquire
Assistant Federal Public Defender
Attorney for Defendant

Kathleen Rice, Esquire
Assistant United States Attorney

United States Marshal

United States Pretrial Services

8